[J-103-2018] [MO: Dougherty, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 11 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 1490 MDA 2016, dated |
| | : | July 19, 2017, Reconsideration |
| v. | : | Denied September 26, 2017, |
| | : | Reversing the Order of the Court of |
| | : | Common Pleas of Lycoming County, |
| THOMAS S. BELL, | : | Criminal Division, at No. CP-41-CR- |
| | : | 0001098-2015, dated August 19, 2016 |
| Appellant | : | and Remanding for Sentencing. |
| | : | |
| | : | SUBMITTED: November 30, 2018 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                   **DECIDED: July 17, 2019**

I join the Majority as I agree that the evidentiary consequences of Section 1547(e) remain constitutionally permissible post-*Birchfield*. *See* Majority Opinion at 22. I write separately to add that I would affirmatively conclude that although Appellant has the right to refuse a blood test absent a warrant or a valid exception to the warrant requirement, the evidentiary consequences of that refusal are not protected by the Fourth Amendment.

As the Majority indicates, "[t]he United States Supreme Court's decisions in [*Missouri v.*] *McNeely* [, 569 U.S. 141 (2013)] and *Birchfield* [*v. North Dakota*, 136 S. Ct. 2160 (2016)], and this Court's decision in [*Commonwealth v.*] *Myers*, [164 A.3d 1162, (Pa. 2017)] indicate a warrantless blood test, which is conducted when no exceptions to the warrant requirement apply, violates the Fourth Amendment rights of a motorist suspected of DUI." Majority Op. at 18. It does not follow that the motorist's right to refuse the blood test receives the same constitutional protection, or stated differently, there is no

constitutional right of refusal without consequence. To the contrary, the motorist's Fourth Amendment right to be free from a warrantless search is protected when the blood test is not administered absent a warrant, or an exception to the warrant requirement, while the motorist's implied consent subjects the motorist to certain consequences. Here, Section 1547(e) of the implied consent statute allows for the introduction of "evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge." 75 Pa.C.S. §1547(e).

By asserting Section 1547(e) is unconstitutional, Appellant urges extension of *Birchfield*'s holding that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense[,]" to holding any adverse consequence for refusing a blood test is a violation of the Fourth Amendment. *Birchfield*, 136 S. Ct. at 2186. As the case comes to this Court, Appellant was read the DL-26 form advising him that a refusal to submit to chemical testing could result in an enhanced penalty. Appellant was not subjected to a warrantless blood test following his refusal, no search was performed, no BAC evidence exists, and Appellant was not criminally punished for refusing to comply with the request for the blood test. Accordingly, there is no violation of the Fourth Amendment or the cases decided thus far following *Birchfield*. *Birchfield* did not render implied consent statutes constitutionally infirm. Rather, it explicitly limited implied consent statutes by prohibiting states from criminalizing the refusal to submit to a blood test. I am hesitant to extend the High Court's holding beyond the limits of circumstances addressed by the decision. Therefore, I concur.

Justice Todd joins this concurring opinion.